## BENJAMIN STEVENS
*vs.*
## MERCHANTS NATIONAL BANK, ET AL.

Superior Court     New Haven County     File No. 54666

MEMORANDUM FILED FEBRUARY 14, 1939.

*John A. Cooney,* of New Haven, for the Plaintiff.

*Arthur T. Gorman,* of New Haven, for the Defendants.

BOOTH, J.   The action is to recover from the defendants as trustees of the estates of Charles E. and Frederick C. Bishop, $1,000 and interest, from June 25, 1935, to date, which money is alleged to have been loaned by the plaintiff to the defendant trustees through their agent or under such circumstances as to create in them an obligation quasi-contractual in nature to repay it.

According to the evidence it is found that the money was in fact loaned by the plaintiff on the date alleged and was in fact applied in settlement of a foreclosure action which was pending against the defendant trustees.   Whether it was loaned under such circumstances as to create in the defendants liability therefor constitutes the dispute between the parties.   The defendants were trustees of property conveyed to them to be managed and the proceeds applied in part to the payment of the obligations of certain members of the Bishop family.   One of these, Charles E. Bishop, was allowed to act for the trustees in certain aspects of their management.   He has been referred to as a rental agent, but his acts would indicate a somewhat wider scope of authority.

Prior to June, 1935, property on Wall Street in New Haven, forming a portion of the trusteeship, was under foreclosure, requiring the payment of $1,000 to preserve the interest of the trusteeship.   Charles E. Bishop represented to the plaintiff that he was authorized to borrow this sum for this property and further represented that security in the form of a mortgage upon other property belonging to the trusteeship would be given to secure the loan.   The plaintiff, relying upon these representations, although informed that the other property referred to could not be mortgaged, advanced $1,000, which was, in fact, used as above set forth.   The property then re-

mained a portion of the trust estate and the defendants as trustees thus obtained the benefit of the payment. Although it cannot be found that prior to the loan they expressly author-ized its procurement, they subsequently were aware of the whole transaction and at least took some steps to recognize an obligation to the plaintiff to make repayment.

Under these circumstances it would be inequitable to allow the defendants to retain the advantage obtained by the plain-tiff's advancement made in good faith and in reliance on their credit. *Levett vs. Sharp,* 100 Conn. 314.

In view of the foregoing, judgment may enter for the plain-tiff upon the issues of the complaint, and for the plaintiff to recover of the defendants $1,022 damages and costs.